**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **HARRY LAPPOINTE** § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO.: |
| § | |
| **TEXAS FARMERS INSURANCE** § | |
| **COMPANY** § | |
| § | |
| Defendant. § | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company ("Texas Farmers"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended, appearing herein in its "fiduciary"[1] capacity as the "fiscal agent of the United States,"[2] and at the expense of the U.S. Treasury.[3] As discussed herein, Plaintiff's lawsuit may only be addressed in this federal court, because Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under authority of the Congress pursuant to 42 U.S.C. §4013(a). An index of all documents being filed contemporaneously with this Notice of Removal pursuant to Local Rule CV-81 is attached as Exhibit A. Texas Farmers therefore files this Notice of Removal removing this matter from the 58th Judicial District Court of Jefferson County, Texas to the docket of this Honorable Court. In that respect, Texas Farmers would respectfully show as follows:

---

[1] 44 C.F.R. §62.23(f).
[2] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir.1998).
[3] *Grissom v. Liberty Mu. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

**I.**

1. On November 7, 2019, Plaintiff, Harry Lappointe, filed a lawsuit entitled "*Harry Lappointe v. Texas Farmers Insurance Company*," in the 58th Judicial District of Jefferson County, Texas, bearing Docket No. A-204842. *See* Exhibit B attached hereto, a certified copy of Plaintiff's lawsuit and all pleadings served to date.

2. Texas Farmers hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Articles VII(R) and Article IX, 28 U.S.C. §1331, 28 U.S.C. §1337, 28 U.S.C. §1367 and 28 U.S.C. §1441(c).

**II.**

**A.   REVIEW OF THE PLAINTIFF'S ORIGINAL PETITION**

3. At Paragraph 2.1 of Plaintiff's Original Petition, Plaintiff alleges he is a resident and citizen of Jefferson County, State of Texas.

4. At Paragraph 2.2 of Plaintiff's Original Petition, Plaintiff alleges that Defendant Texas Farmers Insurance Company is a domestic insurance company duly licensed in the State of Texas.

5. At Paragraph 4.1, Plaintiff alleges that the insured property at issue is located in Jefferson County, Texas

6. At Paragraphs 5.1, Plaintiff alleges that he purchased an insurance policy issued by Defendant, Texas Farmers, bearing policy No. 87-05832565-2016.  This policy of insurance is evidenced by the Flood Policy Declarations, attached as Exhibit C.

7. At Paragraphs 5.2, Plaintiff alleges that he is the owner of the property located at 4721 Shreveport Avenue, Port Arthur, Texas 77640.

8. At paragraph 5.3, Plaintiff alleged that on or about August 30, 2017, the subject property sustained serious structural damage as a result of flooding from Hurricane Harvey and that he made a claim and demand for payment on Defendant.

9. At paragraph 5.5, Plaintiff alleged Defendant has failed to tender adequate payment to Plaintiff.

10. At paragraphs 9.3 and 9.4, Plaintiff alleged he had in place a policy of insurance issued by Texas Farmers and that Texas Farmers failed to comply with the terms of the contract. Therefore, Plaintiff alleges that Texas Farmers is in breach of the contract executed by the parties.

11. At paragraphs 12.1-12.8, Plaintiff allege that as a result of Defendant's acts and/or omissions, Plaintiff is owed amounts under the policy and seek actual damages, extra-contractual damages, pre-judgment and post-judgment interest, statutory damages, common law damages and Attorneys' fees.

**B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

12. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.

13. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See,* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP") codified at 44 C.F.R. Pt. 61, App. A(1).

14. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Texas Farmers to aid it in its statutory duty to administer the National Flood Insurance Program. *See also*, 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

15. Texas Farmers, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA.[4] The flood policy referenced is an SFIP Dwelling Property Form codified and found at 44 C.F.R. Pt. 61, App. (A)(1), a copy of which is attached as Exhibit D.

16. Texas Farmers cannot waive, alter or amend any of the provisions of the SFIP. *See,* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

17. The payment that Plaintiff seeks in this lawsuit constitutes a direct charge on the public treasury, and would be binding upon the federal government. *See*, *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998). Further, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See, Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 402 (5th Cir. 2012).

18. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law. *See*, *West v. Harris,* 573 F.2d 873 (5th, Cir. 1978), *cert. denied* 440 U.S. 946, 99 S.Ct. 1424) (1979), wherein the Fifth Circuit Court of Appeals stated the following:

---

[4] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

573 F.2d at 881.

19. Based upon the foregoing, it is clear that the NFIP, the SFIP and WYO Program carriers participating in the NFIP, such as Texas Farmers, are all governed by federal law, not state law.

**C. FEDERAL JURISDICTION**

**(1) 42 U.S.C. §4072 - Original Exclusive Jurisdiction**

20. 42 U.S.C. §4072, conveys "original exclusive" jurisdiction over claims involving claims handling and administration of the SFIP. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort, or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

**(2). 28 U.S.C. §1331 - Federal Question Jurisdiction**

21. Texas Farmers contends that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. (Exhibit D) Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331. *See, Construction Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.*, 636 Fed.Appx.

207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

22. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, statutes and the FEMA Flood Manual governing the SFIP, including renewals of SFIPs.  Regardless of the source of funding for Plaintiff's alleged actual damages, the Court will have to interpret the SFIP and NFIP rules, regulations and FEMA written guidance to determine whether the damages alleged fall within coverage of the SFIP – a federal regulation. Federal common law governs such interpretation, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning."  *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984).  As the SFIP is a federal law, and the NFIP rules are promulgated by FEMA – the federal agency charged by the Congress with administering the NFIP, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

23. Pursuant to 28 U.S.C. '1331, and by operation of 28 U.S.C. '1441(a), (b) and (c), Texas Farmers asserts that there are multiple federal questions presented within the Plaintiff's Original Petition thereby making the action removable pursuant to 28 U.S.C. '1331.

**(3).    Federal Jurisdiction under 28 U.S.C. §1337**

24. Removal of this case is also proper under 28 U.S.C. '1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory

scheme known as the National Flood Insurance Program. *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004). Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleadings. *See, Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

**D.  THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

25.  To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

**E.  PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

26.  Texas Farmers notes that its first knowledge or notice of the suit was on or about November 12, 2019.  This Notice of Removal is filed on December 9, 2019.  Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

27.  The property is located at 4721 Shreveport Avenue, Port Arthur 77640. *See* Complaint, ¶11.  Thus, venue is proper in this Court pursuant to 42 U.S.C. §4072 and 44 C.F.R.

Pt. 61, App. A(1), Art. VII(R), as the property is located within the jurisdictional territory of this Court.

28. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Texas Farmers to date.

## CONCLUSION

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: December 9, 2019

Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By: /s/ *Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Bradley K. Jones
State Bar No. 24060041
Ryan A. Walton
State Bar No. 24105086
811 Main St., Suite 1100
Houston, Texas 77002
P: (713) 751-1600
F: (713) 751-1717
Email: ddarche@bakerlaw.com
Email: bkjones@bakerlaw.com
Email: rwalton@bakerlaw.com

And

**NIELSEN & TREAS, LLC**

Iliaura Hands Esq.,
TX State Bar #24033597
Kim Tran Britt
Louisiana State Bar #24896
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: ihands@nt-lawfirm.com
Email: kbritt@nt-lawfirm.com

**COUNSEL FOR DEFENDANT, TEXAS FARMERS INSURANCE COMPANY**

-10-

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF System this 9th day of December, 2019.

J. Michael Moore
THE MOORE LAW FIRM
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Attorney for Plaintiff

                                            */s/ Bradley K. Jones*
                                            Bradley K. Jones