**EXHIBIT A**

# CIVIL DOCKET, DISTRICT COURT

CASE NO. A-0204842-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING | |
|---|---|---|---|---|---|
| A-0204842- | LAPPOINTE, HARRY<br>VS<br>TEXAS FARMERS INSURANCE COMPANY | MOORE, J MICHAEL PLFT<br>NO ATTORNEY AT THIS TIME DEFT | OTHER CASE | 11/07/2019 | |
| | | | DISPOSITION DATE | JURY FEE | DATE |
| | | | | | |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 1 of 1



**EXHIBIT B**



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 2149886 Total Pages: 1

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us**

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
11/7/2019 10:44 AM
JAMIE SMITH
DISTRICT CLERK
A-204842

CAUSE NO. _____

| | | |
|---|---|---|
| **HARRY LAPPOINTE** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| **TEXAS FARMERS INSURANCE** | § | |
| **COMPANY** | § | |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

---

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS

---

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, HARRY LAPPOINTE (herein "Plaintiff"), and files this Plaintiff's Original Petition complaining of Defendant TEXAS FARMERS INSURANCE COMPANY, (herein "Defendant Insurance Company" or "Defendant"), and for cause of action shows the Court the following:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff intends to conduct discovery pursuant to under Rule 190.3 and affirmatively pleads that Plaintiff seeks only monetary relief aggregating between $100,000 to $200,000.00.

1.2    Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.  Plaintiff's monetary request for relief is not to exceed $100,000.00 to $200,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. Tex. R. Civ. P. 47(c)(3).

### II. PARTIES

2.1    Plaintiff, HARRY LAPPOINTE, is an individual who resides in JEFFERSON County, Texas.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
*Jamie Smith* Page 1 of 32

2.2     Defendant  TEXAS  FARMERS  INSURANCE  COMPANY  ("Defendant Insurance Company") is a Domestic insurance company incorporated in the State of Texas, organized under the laws of the State of Texas, and engaged in the business of insurance in the State of Texas.  **Service of process is requested to be effectuated by certified mail on said Defendant by delivering the Citation and a copy of the Original Petition to said Defendant and/or Defendant's registered agent at:**

> **Christine Granger**
> **15700 Long Vista Dr**
> **Austin, Tx 78728**

**The court's clerk is requested to issue the Citation and Original Petition by certified mail.**

### III. JURISDICTION & RULE 47(c) STATEMENT

3.1     This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.   Plaintiff affirmatively states, Plaintiff's monetary request for relief is not to exceed $100,000.00 to $200,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest and attorney fees. Tex. R. Civ. P. 47(c)(3).

3.2     This Court has jurisdiction over Defendant Insurance Company because this Defendant is an insurance company which engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV. VENUE

4.1     Venue is proper in JEFFERSON County, Texas, because the insured property, at issue is situated in JEFFERSON County, Texas. TEX.CIV.PRAC. & REM. CODE §15.032.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith     Page 2 of 32

## V. FACTS

5.1.    Plaintiff purchased a policy from Defendant Insurance Company, insuring Plaintiff's property against certain losses. The Policy number was 87-05832565-2016 (hereinafter referred to as "the Policy")

5.2    Plaintiff owns the insured property, which is located at 4721  Shreveport Ave Port Arthur, TX 77640 (hereinafter referred to as "the Property").

5.3.    On or about August 30, 2017, The Property sustained serious structural damage as a result of a covered loss under The Policy (the "Covered Loss Event"). Specifically, the Property was damaged as a result of catastrophic flooding which came with Hurricane Harvey. Shortly thereafter, Plaintiff made a claim and demand for payment on Defendant Insurance Company for damages to the Property and other damages covered by the terms of the Policy (the "Claim").

5.4    Subsequent to Plaintiff making the Claim, Defendant Insurance Company assigned a local Texas Adjuster, to adjust the claim ("The Adjuster"). The adjuster failed to adequately adjust Plaintiff's claim.

5.5    After having the damages reevaluated by a qualified adjuster, Plaintiff sent Defendant a demand for payment of the claim. In response, Defendant Insurance Company has failed to tender adequate payment to which Plaintiff is entitled.

5.6    Plaintiff requested that Defendant Insurance Company cover the cost of repairs to the Property pursuant to the Policy, including but not limited to, repair and/or replacement of the damaged structures and contents located on or around the exterior of the property as well as those within the interior, pursuant to the Policy.

5.7    Defendant Insurance Company has wrongfully delayed and denied payment of the


I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY , TEXAS
Jamie Smith Page 3 of 32

balance due to Plaintiff for the Claim. Based upon information and belief, and as a basis for this delay and denial, Defendant Insurance Company has relied upon an inadequate and under-scoped adjustment which claims that the cost of repair for damages to Plaintiff's property were substantially less than the actual cost of repairs.

5.8    Pleading in the alternative, Plaintiff's actual covered damage and losses to the Property as a result of the Covered Loss Event, including the costs of temporary repairs and alternative living expenses, have caused other consequential damages to be sustained by Plaintiff herein. Defendant Insurance Company is liable for these consequential damages due to its failure to promptly and sufficiently pay the claim.

5.9    Pleading in the alternative and based upon information and belief, the Adjuster was compensated for each claim the Adjuster adjusted on behalf of Defendant Insurance Company and/or other combination of compensation tied to the quantity of claims adjusted. As part of this believed agreement, the Adjuster under-scoped the value of the damages to the Property on behalf of Defendant Insurance Company.  The Adjuster was therefore motivated to conduct an inadequate and substandard claim investigation of Plaintiff's Covered Loss Event claim in order to increase the number of claims the Adjuster adjusted for his personal pecuniary benefit, as indicated below in sub-paragraphs (a) thru (g).  The Adjuster was negligent in violating Defendant Insurance Company's written policies as they relate to claims handling practices by failing to fully investigate and document all damage to the Property and by failing to fully investigate and evaluate the Plaintiff's insured losses based upon local replacement and/or repair costs for each item of damage, as indicated below in sub-paragraphs (a) thru (g). Additionally, based upon information and belief and the acts and the practices the Adjuster actually employed, the Adjuster held a personal bias in favor of Defendant Insurance Company

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 4 of 32

and prejudicially against insurance claimants generally, and more specifically towards Plaintiff herein as specifically demonstrated below in sub-paragraphs (a) thru (b).  The Adjuster, on behalf of Defendant Insurance Company, intentionally, knowingly and fraudulently, with malice, engaged in the following specified acts and practices, among others stated herein, in violation of and in breach of the adjuster's moral, ethical and legal duties to Plaintiff as a licensed claims adjuster, which was a producing and proximate cause of the damages and losses sustained herein by Plaintiff resulting in the denial and/or underpayment of Plaintiff's claim; to wit:

a) The Adjuster failed to properly investigate and inspect the Property during repair of the property which would have revealed other damages arising out of the Covered Loss Event;

b) The Adjuster failed to and/or refused to properly interview Plaintiff to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the property's pre-loss condition;

c) The Adjuster refused to and did not inspect for hidden or latent damage resulting to Plaintiff's Property that is customarily found to exist in Property that has undergone the type of damage of the severity that Plaintiff's Property sustained;

d) The Adjuster failed and refused to include the usual and customary charges for costs of materials, supplies, labor and contractor's overhead and profit charged by local contractors for the repair, replacement and restoration of the Plaintiff's Property due to the Covered Loss Event damage;

e) The Adjuster performed only a cursory inspection of the exterior and interior of the insured Property, spending insufficient time at the Property to properly assess all items of damage; and failed to properly assess, estimate and include covered damage to the property in the report and adjustment of loss to Defendant Insurance Company for the damages resulting



Plaintiff's Original Petition and First Set of Discovery Requests

Page 5

from the Covered Loss Event and/or note other damages existing to the Property at the time of inspection such as plumbing, appliances, ceilings and walls that sustained damage as a result of the Covered Loss Event;

     f)    Pleading in the alternative, the Adjuster, during the investigation of the Plaintiff's claim, made coverage decisions, which the Adjuster was not qualified and/or authorized to perform, by failing to include all damages sustained to the Property, thus submitting an inaccurate and false report of Plaintiff's Covered Loss Event claim and its losses to Defendant Insurance Company;

     g)    Defendant Insurance Company fraudulently represented to Plaintiff verbally and by conduct, insisted that the majority of the damages to the Property were not related to the Covered Loss Event made basis of this suit; and that most, if not all, of the covered damages found to exist upon observation of Plaintiff property, were not covered by the Policy, but were due to normal wear and tear or the result of other causes, when in fact such damage was related and should have been included in the Adjuster's reports to Defendant Insurance Company. Based upon information and belief, Defendant Insurance Company's acts and omissions as they pertain to the mishandling of Plaintiff's claim were largely dependent and proximately caused by its reliance on the report/adjustment produced by the Adjuster, whom it knew, or reasonably should have known, was biased and hence, under-scoped the damages.

     5.10    Based upon information and belief, Defendant Insurance Company failed to thoroughly review the fraudulent and inaccurate assessment of the Claim as produced by the Adjuster and ultimately approved the Adjuster's inaccurate reports of the damages to the Property.

     5.11    The mishandling of Plaintiff's claim has also caused a delay and hardship in the

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 6 of 32

Plaintiff's Original Petition and First Set of Discovery Requests

ILF FILE NO: 80T090

ability to fully repair the Property, which has resulted in additional damages in terms of the loss of use of the Plaintiff's Property and mental anguish as a result thereof. To date, Plaintiff has yet to receive the full payment to which Plaintiff is entitled under the Policy.

5.12     In the alternative, without waiving the foregoing, and based upon information and belief, Defendant Insurance Company instructed the Adjuster to follow their claims processing guidelines of in connection with the claims handling process for Plaintiff's claim. Defendant Insurance Company was responsible for training, overseeing, and supervising its claim representatives and adjusters handling claims like Plaintiff's claim. Defendant Insurance Company was responsible for – and had a legal duty – to hire and retain competent, qualified and ethical licensed adjusters and claims representatives who would deal fairly, honestly and in good faith with its policy holders in the practice of insurance claims handling. Defendant Insurance Company breached such duties in connection with the Claim by failing to properly train, direct and oversee the claims handling practices employed by the Adjuster.

5.13     At all times material herein, Defendant Insurance Company had a non-delegable contractual legal duty to timely, fairly and in good faith investigate, process, adjust, timely pay, and re-adjust claims for all covered losses sustained by its policy holders – specifically Plaintiff. Defendant Insurance Company represented that it would do so in advertising mediums throughout the State of Texas and specifically in writing to its policy holders as an inducement for them to purchase and continue to renew homeowners and property insurance policies. Due to a lack of knowledge and understanding of the insurance claims handling process, knowledge of construction costs and insurance policy coverage issues relating to property losses, Plaintiff relied on such misrepresentations to Plaintiff's detriment, and hence (1.) purchased the Policy from Defendant Insurance Company, and (2.) accepted the estimate of damages from Defendant

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 18, 2019
JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY , TEXAS
Jamie Smith   Page 7 of 32

Adjuster which, unknown to Plaintiff, included denial and underpayment of covered losses and damages sustained.  Defendant Insurance Company made such representations knowing they were false and with the intent that Plaintiff rely on such representations.

5.14    Based upon information and belief, Defendant Insurance Company, having breached its legal duty to timely, fairly and in good faith investigate, process, adjust and pay for all covered losses sustained by Plaintiff herein by assigning the Adjuster to adjust and handle Plaintiff's claim, is responsible for the acts of omission and commission set forth herein and above in connection with the Adjuster's investigation and claims handling practices employed to deny and/or underpay the covered losses and damages sustained by Plaintiff as set forth herein.

5.15    Based upon information and belief, Defendant Insurance Company distributed training, educational, and instructional materials to its field claim representatives and adjusters such as the Adjuster and held meetings and issued directives to the field instructing how Defendant Insurance Company wanted claims like Plaintiff's to be handled. Defendant Insurance Company, through directives to its adjusters like the Adjuster, tasked those adjusters assigned to Plaintiff's claim with handling such losses in line with Defendant Insurance Company's policy and procedures. Defendant Insurance Company communicated and disseminated claims handling practices and methodologies to its field adjusters such as Defendant Adjuster of 1) "Quantity over Quality", 2) Minimization of damage estimates, 3) Under-valuation of reported replacement and/or repair estimates, and 4) Omission of probable covered damages in reports of losses to the Property.  These policies served to fuel and motivate the Adjuster's individual pre-disposition of bias in favor of insurance companies and prejudice towards claimants and the resulting losses sustained by Plaintiff as set forth herein.

5.16    Defendant Insurance Company failed to perform its contractual duties to



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 8 of 32

Plaintiff's Original Petition and First Set of Discovery Requests
MLF FRC No: 30159B                                                                    Page 8

adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Insurance Company's conduct constitutes a breach of the insurance contract between Defendant Insurance Company and Plaintiff.

5.17　From and after the time Plaintiff's claim was presented to Defendant Insurance Company, the liability of Defendant Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Insurance Company has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing.

5.18　Pleading in the alternative, Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

5.19　As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys who are representing Plaintiff with respect to these causes of action.

5.20　Based upon information and belief, Plaintiff's experience is not an isolated case. The acts and omissions of Defendant Insurance Company committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Insurance Company with regard to the handling of these types of claims. Defendant Insurance Company's entire process is unfairly designed to reach favorable outcomes for the

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith　Page 9 of 32

company at the expense of the policyholders.

## VI. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –
## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE

6.1    Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-
5.20 and incorporate the same herein by this reference as if here set forth in full.

6.2    Defendant misrepresented to Plaintiff that the damage to the Property was not
covered under the Policy, even though the damage was caused by a covered occurrence.
Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement
Practices. TEX. INS. CODE §§541.060(a)(1).

6.3    Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner,
although it was aware of its liability to Plaintiff under the Policy.   Defendant's conduct
constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS.
CODE §541.060(a)(2)(A).

6.4    Defendant failed to explain to Plaintiff the reasons for an inadequate settlement.
Furthermore, Defendant did not communicate that any future settlements of payments would be
forthcoming to pay for the entire losses covered under the Policy, nor did it provide any
explanation for the failure to adequately settle Plaintiff's claim.   Defendant's conduct is a
violation of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE
§541.060(a)(3).

6.5    Defendant failed to affirm or deny coverage of Plaintiff's claim within a
reasonable time.   Specifically, Plaintiff did not receive timely indication of acceptance or
rejection, regarding the full and entire claim, in writing from Defendant.  Defendant's conduct
constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS.

I CERTIFY THIS IS A TRUE COPY.

Witness my Hand and Seal of Office

November 18, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith  Page 10 of 32

CODE §541.060(a)(4).

6.6 Defendant Insurance Company refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

6.7 Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

6.8 Defendant Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

6.9 Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

## VII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – FRAUD

7.1 Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-6.9 and incorporate the same herein by this reference as if here set forth in full.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 11 of 32

7.2     Defendant is liable to Plaintiff for common law fraud.

7.3     Defendant Insurance Company represented in its policy that damages resulting from a covered loss such as this claim would be insured. Plaintiff, to Plaintiff's detriment, purchased Defendant Insurance Company's policy in exchange for a benefit Defendant Insurance Company knew the Plaintiff would not receive. Plaintiff further relied to Plaintiff's detriment upon the false, fraudulent, and deceptive acts and practices employed by Defendant, in performing an inspection, investigation and evaluation of Plaintiff's claim. Plaintiff was not knowledgeable in the manner and scope required to investigate such a loss, nor knowledgeable in insurance loss coverage issues and were not aware of the deceptive, fraudulent practices which required that they hire an independent adjuster after the delays and failure to provide the promises adjusting services were discovered.  Defendant, based upon its experience, special knowledge of structural loss issues resulting from covered losses such as this one and insurance coverage issues were able to deceive Plaintiff into believing that the property damage loss would be competently investigated by a qualified, ethical and experienced adjuster and that the loss would be properly, fairly and in good faith evaluated and assessed and the claim paid.

7.4     Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff.  Plaintiff was unaware that all such representations and conduct relating to the investigation and handling of the claim were performed with the intent and purpose to defraud, take advantage of and deny and/or undervalue the property losses sustained by Plaintiff.  Plaintiff relied to its detriment on such actions and representations resulting in the losses and damages complained of herein. Plaintiff sought representation of the undersigned counsel in an attempt to expedite the resolution



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
_____ November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 12 of 32

of this claim dispute without unnecessary litigation. However, Defendant Insurance Company has recalcitrantly failed to pay funds which are owed on this claim in which Defendant's liability to pay is clear. This undue expense and delay was solely incurred due to the acts of Defendant in failing to perform the duties what it was required to perform Texas Insurance Code and the contract of insurance

7.5     The conduct of Defendant has prolonged Plaintiff's hardship of restoring the damaged home and increased the expense of relocation and alternative living arrangements. Defendant knew at the time the misrepresentations and fraudulent conduct occurred (as described above) that the representations contained in the estimate of loss were untrue and communicated those representations to Plaintiff which were false.  Each and every one of the representations and deceptive acts and practices, as described above, and those stated in this paragraph, concerned representations and falsehoods relating to material facts for the reason that absent such representations, Plaintiff would not have acted as Plaintiff did, and which Defendant knew were false or made recklessly without any knowledge of their truth as a positive assertion.

7.6     Defendant made statements and performed actions with the intention to manipulate Plaintiff to act as Plaintiff did, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## VIII. CAUSE OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – CONSPIRACY TO COMMIT FRAUD

8.1     Plaintiff repleads all of the material allegations above set forth in Paragraphs 1.1-7.6 and incorporate the same herein by this reference as if here set forth in full.

8.2     Defendant is liable to Plaintiff for conspiracy to commit fraud.  Defendant, through its relationships with adjusters, and/or third party claims adjusting firms, was a member

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 13 of 32

of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.  In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendant committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result. Plaintiff does not seek damages from conspirators other than Defendant Insurance Company, but reserves the right to amend this pleading.

## IX. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY – BREACH OF CONTRACT/DUTY OF GOOD FAITH AND FAIR DEALING

9.1     Plaintiff replead all of the material allegations above set forth in Paragraphs 1.1-8.2 and incorporate the same herein by this reference as if here set forth in full.

9.2     Defendant Insurance Company is liable to Plaintiff for intentional breach of contract, and intentional breach of the common law duty of good faith and fair dealing.

9.3     Defendant Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Insurance Company and Plaintiff.

9.4     Defendant Insurance Company's failure and/or refusal, as described above, to pay the adequate and just compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant Insurance Company's insurance contract with Plaintiff.

9.5     Defendant Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## X. CAUSES OF ACTION AGAINST DEFENDANT INSURANCE COMPANY –



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 18, 2019
JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith  Page 14 of 32

## RESPONSIBILITY FOR ACTS OF AGENTS AND RATIFICATION OF ACTS

10.1    The Adjuster, whose conduct is referenced herein and above, was acting as an agent of Defendant Insurance Company at all material times made the basis of Plaintiff's Claims and such acts of commission and omission in the handling of Plaintiff's claim, including inspections, adjustments, and aiding in the adjustment of the loss were committed for or on behalf of Defendant Insurance Company, the insurer. TEX.INS.CODE §4001.051.

10.2    Separately, and/or in the alternative, as referenced and described above, Defendant Insurance Company ratified the actions and conduct of Defendant Adjuster including the manner in which they discharged or failed to properly discharge their duties under the common law and applicable statutory laws and regulations.

### XI. KNOWLEDGE

11.1    Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### XII. DAMAGES

12.1    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

12.2    As previously stated, the damages caused by the Covered Loss Event were not fully paid by Defendant Insurance Company and have not been properly addressed in the time since the covered loss event, causing further damages to Plaintiff financially in terms of paying for covered losses when such obligation was that of Defendant Insurance Company, which has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.


I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 18, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 15 of 32

Plaintiff's Original Petition and First Set of Discovery Requests
LF File No. 8UR696                                    Page 15

12.3     For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim losses and expenses, together with attorney's fees.

12.4     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE §541.152.

12.5     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as ten percent (10%) interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

12.6     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant Insurance Company's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

12.7     For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

12.8     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's

I CERTIFY THIS IS A TRUE COPY

Witness my Hand and Seal of Office

November 18, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith    Page 16 of 32

attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### XIII. RESERVATION OF RIGHTS

13.1    Plaintiff reserves the right to prove the amount of damages at trial.   Plaintiff reserves the right to amend this petition to add additional counts upon further discovery as the investigation continues.

### XIV. CONDITIONS PRECEDENT

14.1    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein have been performed or have occurred.

### XV. JURY DEMAND

15.1    Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in JEFFERSON County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

### XVI. REQUESTS FOR DISCLOSURE TO DEFENDANT

16.1    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant Insurance Company and Defendant Adjuster disclose within fifty days (50) of service of this request, the information or materials described in Rule 194.2 of the Texas Rules of Civil Procedure.

### XVII. PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY

### INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

17.1    Pursuant to the provisions of Rule 196 of the Texas Rules of Civil Procedure, you are hereby requested to produce the below designated "documents" which shall include, but are not limited to, papers, books, accounts, writings, drawings, graphs, charts, photographs, emails,



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY,TEXAS
Jamie Smith, Page 17 of 32

electronic data, meta data or any other form of recordings and other data compilations from which information can be obtained, translated, or reproduced, if necessary by you, your agents or attorneys, through appropriate devices into reasonably usable form, and to produce the below designated tangible things which constitute or contain matters which are in the possession, custody or control of you, your agents, servants or attorneys, for inspection, sampling, testing, photographing and/or copying on the first business day after the expiration of fifty (50) days after service of these Requests for Production, at 4900 North 10th Street, Suite F3, McAllen, Texas 78504 pursuant to Rule 196.2(a) Tex.R.Civ.Proc. You are advised that pursuant to Rule 196, you must make a written response that shall state with respect to each item or category of items that inspection will be permitted as requested and that you will comply with this Request, except to the extent that objections are made, stating specific reasons why such discovery will not be allowed.

### INSTRUCTIONS AND DEFINITIONS

17.2    In answering the following interrogatories and responding to the following Requests for Production, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge. If you cannot answer an Interrogatory or respond to a Request for production in full after exercising due diligence to secure the information or item requested, so state in your answer or response and to the extent possible answer or respond stating whatever information or knowledge you have.

17.3    The INTERROGATORIES and REQUESTS FOR PRODUCTION OF DOCUMENTS which follow are to be considered as continuing, and you are requested to



I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 18 of 32

Plaintiff's Original Petition and First Set of Discovery Requests

LF FILE NO: 30R990

Page 18

provide by way of supplemental answers and responses hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to these Interrogatories and Requests for Production of Documents below. Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

As used herein, the following terms shall have the meaning indicated below:

a.     "Person(s)" means natural persons, corporation, partnerships, sole proprietorships, unions, associations, federations, reciprocal or inter-insurance exchange, Lloyd's plan, adjuster, contractor/estimator, engineer, independent contractor or any other kind of entity.

b.     "Document" means any printed, typewritten, hand written, electronically stored information in its native format, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody or control of the original.

Electronically stored information. The term "electronically stored information" means electronic information that is stored in a medium from which it can be retrieved and examined. It includes, but is not limited to, all electronic files that are electronically stored.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 18, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 19 of 32

(1) "Electronic file" includes, but is not limited to, the following: voicemail messages and files; e-mail messages and files; deleted files; temporary files; system-history files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; computer-activity logs; metadata. Unless otherwise defined, each example used to illustrate the term "electronic file" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(2) "Electronic information system" refers to a computer system or network that contains electronic files and electronic storage. Unless otherwise defined, each example used to illustrate the term "electronic information system" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

(3) "Electronic storage" refers to electronic files contained on magnetic, optical, or other storage media, such as hard drives, flash drives, DVDs, CDs, tapes, cartridges, floppy diskettes, smart cards, integrated-circuit cards (e.g., SIM cards). Unless otherwise defined, each example used to illustrate the term "electronic storage" will have the meaning assigned to it by Microsoft Computer Dictionary (5th ed. 2002).

c.   "You" and "Your" shall mean the party to whom these questions are directed, as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.



I CERTIFY THIS IS A TRUE COPY

Witness my Hand and Seal of Office
November 18, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith   Page 20 of 32

d.    "Handle", "handled", "handling" and/or "worked on" – any person as defined above, that made a decision, investigated, adjusted, consulted, supervised, managed, settled, approved, provided information or otherwise performed a task relating to the claims mad the basis of this lawsuit, excluding persons performing purely ministerial or clerical tasks.

e.    "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this suit occurred.

f.    "Property" refers to the residence, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this suit.

g.    "Claim" or "Claim made the basis of this Suit" shall mean the claim filed by Plaintiff under Policy No. 87-05832565-2016 for structural damage and/or damage to contents incurred throughout the insured premises located at 4721   Shreveport Ave Port Arthur, TX 77640, on or about a date of loss of August 30, 2017.

h.    "Describe" and/or "Identify", when referring to a document, is defined to require that you state the following:

        1.    The nature (e.g., letter, handwritten note) of the document;

        2.    The title or heading that appears on the document;

        3.    The date of the document and the date of each addendum, supplement, or other addition or change;

        4.    The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith   Page 21 of 32

5.   The present location of the document, and the name, address, position, or title, and telephone number of the person or persons having custody of the document.

If you object to identifying any person as hereinabove defined, or producing any item requested, or you feel that a court order should be obtained by this party, please so state in your answer to the interrogatory or response to a request for production.

## ADDITIONAL INSTRUCTIONS REGARDING REQUEST FOR PRODUCTION OF ELECTRONICALLY STORED INFORMATION

1.   Any documents that exist in electronic form are specifically requested to be produced in native or near-native formats, pursuant to Rule 196.4 of the Texas Rules of Civil Procedure and should not be converted to an imaged format (e.g. .PDF) unless such document must be redacted to remove privileged content or the document does not exist in a native electronic format, in which case a privilege log is requested.

2.   Native format requires production in the same format in which the information was customarily created, used and stored by you.  Examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced are as follows for each ESI Source:

a)   Microsoft Word documents - .DOC, .DOCX.

b)   Microsoft Excel Spreadsheets - .XLS, .XLSX.

c)   Microsoft PowerPoint Presentations - .PPT, .PPTX.

d)   Microsoft Access Databases - .MDB.

e)   WordPerfect documents - .WPD.

f)   Adobe Acrobat Documents - .PDF.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith    Page 22 of 32

Plaintiff's Original Petition and First Set of Discovery Requests

ILF File No. 50N090

g) <u>Photographs</u> - .JPG.

h) <u>E-mail Messages</u> - should be produced so as to preserve and supply the source RFC 2822 content of the communication and attachments in a fielded, electronically-searchable format. For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced.

   i) <u>Databases (excluding e-mail systems)</u> - Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the schemae and query language of the database, along with a detailed description of its export capabilities, so as to facilitate Plaintiff crafting a query to extract and export responsive data.

3. Examples of responsive forms of items set out in these instructions or in any request should not be construed to limit the scope of the request(s).

4. Documents that do not exist in a native electronic format or which require redaction of privileged content are hereby requested to be produced in searchable .PDF format with logical unitization preserved.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 23 of 32

5.    Production should be made using a flash/thumb drive or a portable external hard drive. If flash/thumb drives or portable external hard drive are not available to Defendant, Plaintiff will provide to Defendant upon request.

6.    Documents produced should be Bates numbered by naming the file produced to conform to the Bates number assigned to that file, supplying the original file name data in the delimited load file described below.   .PDF production of documents that do not exist in a native electronic format may be Bates numbered on each page in a manner that does not obscure content by embossing the Bates number of the file followed by a dash and the page number. Respond to each request for documents by listing the Bates numbers of responsive documents produced

7.    Production should include a delimited load file supplying relevant system metadata field values for each document by Bates number.  The field values supplied should include (as applicable):

        a. Source file name;

        b. Source file path;

        c. Last modified date;

        d. Last modified time;

        e. Custodian or source;

        f. Document type;

        g. MD5 hash value;

        h. Redacted flag; and,

        i. Hash de-duplicated instances (by full path).



I CERTIFY THIS IS A TRUE COPY

Witness my Hand and Seal of Office

November 19, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 24 of 32

8.    Documents should be vertically de-duplicated by custodian using each document's hash value. Near-deduplication should not be employed so as to suppress different versions of a document, notations, comments, tracked changes or application metadata.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT INSURANCE COMPANY

1.    The following insurance documents issued for the Property as identified in the Petition:
      a.    the policy at issue for the date of loss as identified in the Petition

      RESPONSE:

2.    Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request includes, but is not limited to all documents relating to any real property insurance claims made by Plaintiff. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

      RESPONSE:

3.    All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

      RESPONSE:

4.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified. To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

      RESPONSE:

5.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

      RESPONSE:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith   Page 25 of 32

6.   All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

7.   All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim.

RESPONSE:

8.   All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

9.   Produce all documents showing amounts billed and paid to any engineer and/or engineering firm, third-party claims service, and/or independent adjuster who participated in the evaluation, assessment, and/or adjustment of the claim made subject of this suit. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

10.  A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. As part of said personnel files, this request includes documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit. This request is limited to the past 5 years.

RESPONSE:

11.  All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit, as well as all reports that include this claim specifically and the manner by which it was evaluated from the date of loss to the present.

RESPONSE:



I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 18, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 26 of 32

Plaintiff's Original Petition and First Set of Discovery Requests
ILF File No. 60R090

12.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 11 above.

RESPONSE:

13.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

14.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:

15.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

RESPONSE:

## WRITTEN INTERROGATORIES TO DEFENDANT INSURANCE COMPANY

1.    Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant, including those providing information for the answers to these interrogatories.

ANSWER:

2.    State the following concerning notice of claim and timing of payment:
       a.  The date and manner in which Defendant received notice of the claim;
           i.  If Defendant contends that Plaintiff failed to provide proper notice of the claim made the basis of this suit under the Texas Insurance Code, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.
       b.  The date and manner in which Defendant acknowledged receipt of the claim;
       c.  The date and manner in which Defendant commenced investigation of the claim;
       d.  The date and manner in which Defendant requested from the Plaintiff all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiff;
       e.  The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY,TEXAS
Jamie Smith   Page 27 of 32

Plaintiff's Original Petition and First Set of Discovery Requests

     f.   To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.

     g.   The date and manner in which you notified Plaintiff of acceptance or rejection of coverage for all or any portion of Plaintiff's claim; and

     h.   The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.

     i.   The date(s) on while Defendant closed Plaintiff's claim, if applicable.

ANSWER:

3.    Identify each inspection of the Property made the basis of this Lawsuit by:

     a.   The name and job title of each person who inspected the Property;

     b.   The date of each inspection;

     c.   The purpose of each inspection; and

     d.   Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

     e.   In the event that Defendant contends that Plaintiff ailed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

4.    If Defendant is aware of documents that are not in Defendant's possession that are related to the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

ANSWER:

5.    At the time the Claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied or partially paid or denied in part.

ANSWER:

6.    Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiff failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

ANSWER:



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 18, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 28 of 32

Plaintiff's Original Petition and First Set of Discovery Requests

7.    At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiff. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiff did not respond and if Defendant denied any portion of the claim based on Plaintiff's failure to respond.

ANSWER:

8.    At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiff's claim.

ANSWER:

9.    Identify and state each and every basis, contention and reason why Defendant Insurance Company has not fully paid Plaintiff's Claim, as they relate to why Defendant Insurance Company disputes the dollar amount of the Claim submitted to it by Plaintiff for the replacement of and/or costs to repair the property and all other losses and expenses submitted by Plaintiff to Defendant Insurance Company in connection with claim made the basis of this suit.

ANSWER:

10.   Identify each item of damage, loss or expense of Plaintiff's Claim that Defendant contends is not covered by the policy as well as all exclusions under the policy applied to the claim made the basis of this lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

11.   State whether if any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for claims similar to Plaintiff's Claim in regard to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

ANSWER:



I CERTIFY THIS IS A TRUE COPY.
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 29 of 32

12. To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

   ANSWER:

13. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 and/or 542 and/or any violations of the requirements or obligations owed to Plaintiff(s) under the Policy that were discovered by Defendant on this claim during the claims handling process.

   ANSWER:

14. State the date Defendant first anticipated litigation.

   ANSWER:

15. If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

   ANSWER:

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 30 of 32

## VERIFICATION

**STATE OF** _____    §
                                  §
**COUNTY OF** _____       §

    BEFORE  ME,  the  undersigned  authority,  on  this  day  personally  appeared

_____, on  behalf  of  _____,  its  duly

authorized representative, known to me to be the person whose name is subscribed to the

foregoing instrument, who on his oath did state that the facts contained in the foregoing Answers

to Interrogatories are based upon his personal knowledge and are true and correct.


_____
**AUTHORIZED REPRESENTATIVE**
**FOR DEFENDANT**


    SUBSCRIBED  AND  SWORN  TO  before  me,  the  undersigned  authority,  on  this  the

_____ day of _____, 201___.


_____
NOTARY PUBLIC in and for
The State of Texas
My commission expires: _____

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
November 19, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith
Page 31 of 32

Plaintiff's Original Petition and First Set of Discovery Requests
ILF File No. 30R930                                                           Page 31

## XVIII. PRAYER

18.1     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff may show Plaintiff is entitled to.

Respectfully submitted,

**THE MOORE LAW FIRM**
4900 North 10th Street, Suite F3
McAllen, Texas 78504
Telephone:  (956) 631-0745
Telecopier:   (888) 266-0971
Email: firstpartylit@moore-firm.com


By:     */s/ J. Michael Moore*
J. MICHAEL MOORE
State Bar No. 14349550

**ATTORNEY FOR PLAINTIFF**



I CERTIFY THIS IS A TRUE COPY

Witness my Hand and Seal of Office
November 19, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith* Page 32 of 32



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 2144229 Total Pages: 32

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated  documents are valid. If there is a question regarding the validity of this document and or seal   please e-mail districtclerk@co.jefferson.tx.us**

**\*C0204842---00002\***

C0204842---00002

# THE STATE OF TEXAS

No.  A-0204842

### HARRY LAPPOINTE
### VS.  TEXAS FARMERS INSURANCE COMPANY

## CITATION BY MAILING

## 58 th JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To: **TEXAS FARMERS INSURANCE COMPANY**
   **BY SERVING ITS REGISTERED AGENT CHRISTINE GRANGER**

by serving at:
**15700 LONG VISTA DRIVE**
**AUSTIN, TX    78728 0000**

DEFENDANT:

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 58 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 7th day of November, 2019.  It bears cause number A-0204842 and is styled:

Plaintiff:

    **HARRY LAPPOINTE**

VS.

    **TEXAS FARMERS INSURANCE COMPANY**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

        **MOORE, J MICHAEL, Atty.**
        **440 LOUISIANA SUITE 1510**
        **HOUSTON, TX    77002 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) **FIRST SET OF DISCOVERY REQUEST**  accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 7th day of November, 2019.

        JAMIE SMITH, DISTRICT CLERK
        JEFFERSON COUNTY, TEXAS

BY _Valencia Simpson_ Deputy

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

_Jamie Smith_ Page 1 of 2

Valencia

## RETURN OF SERVICE

A-0204842              58 th JUDICIAL DISTRICT COURT

HARRY LAPPOINTE

TEXAS FARMERS INSURANCE COMPANY

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
TEXAS FARMERS INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CHRISTINE GRANGER
15700 LONG VISTA DRIVE

AUSTIN, TX 78728 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**

Serving Petition and Copy  $_____

Total                                $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
(First, Middle, Last)

_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 2 of 2



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 2144261 Total Pages: 2

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated  documents are valid. If there is a question regarding the validity of this document and or seal   please e-mail districtclerk@co.jefferson.tx.us**

C0204842---00002

Citation by Mailing

# THE STATE OF TEXAS

No. A-0204842

### HARRY LAPPOINTE
### VS. TEXAS FARMERS INSURANCE COMPANY

## CITATION BY MAILING

### 58 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: **TEXAS FARMERS INSURANCE COMPANY**
   **BY SERVING ITS REGISTERED AGENT CHRISTINE GRANGER**

by serving at:
**15700 LONG VISTA DRIVE**
**AUSTIN, TX    78728 0000**

**DEFENDANT:**

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 58 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 7th day of November, 2019.  It bears cause number A-0204842 and is styled:

Plaintiff:

**HARRY LAPPOINTE**

VS.

**TEXAS FARMERS INSURANCE COMPANY**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff, if pro se) is:

    **MOORE, J MICHAEL, Atty.**
    **440 LOUISIANA SUITE 1510**
    **HOUSTON, TX   77002 0**
The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) **FIRST SET OF DISCOVERY REQUEST** accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 7th day of November, 2019.

        JAMIE SMITH, DISTRICT CLERK
        JEFFERSON COUNTY, TEXAS

BY    _Valencia Simpson_    Deputy

        Valencia

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

_Jamie Smith_ Page 1 of 4

## RETURN OF SERVICE

A-0204842           58 th JUDICIAL DISTRICT COURT

HARRY LAPPOINTE

TEXAS FARMERS INSURANCE COMPANY

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _Texas Farmers_, on the _12th_ day of _Nov_, 20 _19_. _Insurance Co._

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
TEXAS FARMERS INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CHRISTINE GRANGER
15700 LONG VISTA DRIVE

AUSTIN, TX 78728 0000

### OFFICER'S RETURN

Came to hand on the _18th_ day of _November_, 20 _19_, at _11:30_, o'clock _a_.m., and executed in _Jefferson_, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation by Mailing at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| _Texas Farmers Insurance Co._ | _11/12/19_ | _15700 Long Vista Dr. Austin, TX 78728_ |

And not executed as to the defendant(s),

The diligence used in finding said defendant(s) being:
_Certified Mail_

and the cause or failure to execute this process is:

and the information received as to the whereabouts of said defendant(s) being:

**FEES:**

Serving Petition and Copy $ _70_

Total               $ _____

_Jamie Smith_, Officer

_____, County, Texas

By: _D. Fontenot_, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____
          (First, Middle, Last)

_____.
(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

_Jamie Smith_   Page 2 of 4

DISTRICT CLERK OF JEFFERSON COUNTY TEXAS



JAMIE SMITH*
DISTRICT CLERK'S OFFICE
1085 PEARL ST RM 203
BEAUMONT, TX 77701-3545

**9214 8901 0661 5400 0144 5256 49**

**RETURN RECEIPT (ELECTRONIC)**

TEXAS FARMERS INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CHRISTINE
GRANGER
15700 LONG VISTA DR
**AUSTIN, TX  78728-3822**

................................................ CUT / FOLD HERE ................................................ Zone 3

................................................ 6"X9" ENVELOPE
CUT / FOLD HERE ................................................

................................................ CUT / FOLD HERE ................................................

**FILED**

at 11:30 o'clock a M

**NOV 18 2019**

**JAMIE SMITH, DISTRICT CLERK**
Jefferson County, Texas

BY D. Fontenot DEPUTY



**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY , TEXAS

*Jamie Smith*

Page 3 of 4



**UNITED STATES POSTAL SERVICE®**

Date Produced: 11/13/2019

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 0661 5400 0144 5256 49. Our records indicate that this item was delivered on 11/12/2019 at 12:46 p.m. in AUSTIN, TX 78728. The scanned image of the recipient information is provided below.

Signature of Recipient :  *Rooth Brown*

Address of Recipient :  *1574 D*

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Reference ID: 9214890106615400014452564 9

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH , DISTRICT CLERK
JEFFERSON COUNTY , TEXAS

*Jamie Smith* Page 4 of 4

TEXAS FARMERS INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CHRISTINE GRANGER
15700 Long Vista Dr
Austin, TX 78728-3822



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**November 19, 2019**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Certified Document Number: 2149821 Total Pages: 4

**In accordance with Texas Government Code 51.301 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail districtclerk@co.jefferson.tx.us**